1   Michael F. Heafey (SBN 153499)
    RIMON, P.C.
2   800 Oak Grove Avenue, Suite 250
    Menlo Park, California 94025
3   Telephone: 650.461.4433

4   Mark Lee (SBN 94103)
    RIMON, P.C.
5   mark.lee@rimonlaw.com
    2029 Century Park East, Suite 400N
6   Los Angeles, California 90067
    Telephone: 213.375.3811

7
8   Jason Xu (*PHV admitted*)
    RIMON P.C.
9   1050 Connecticut Ave NW, Suite 500
10  Washington, D.C. 20036
    Telephone: (202) 470-2141

11
12  John Handy (*PHV forthcoming*)
    RIMON P.C.
13  1765 Greensboro Station
    Place Tower I Suite 900
14  McLean, Virginia 22102
15  Telephone: (703) 559-7360

16  *Attorneys for Plaintiffs*

    Tianyu Ju
    Glacier Law LLP
    251 South Lake Avenue, Suite 910
    Pasadena, CA 91101
    Telephone: 626-663-1199
    Email: iris.ju@glacier.law

    Xionghui Murong
    Glacier Law LLP
    251 South Lake Avenue, Suite 910
    Pasadena, CA 91101
    Telephone: 323-990-0780
    Email: ben.murong@glacier.law

    *Attorneys for Defendants*

17                    **UNITED STATES DISTRICT COURT**

18                    **CENTRAL DISTRICT OF CALIFORNIA**

19
    ZEPP, INC. AND ANHUI HUAMI
20  INFORMATION TECHNOLOGY
    CO., LTD.
21
            Plaintiffs,
22
        v.
23
    AMAZWEAR TECHNOLOGY INC.,
24  SHENZHEN KOSPET
    TECHNOLOGY., LTD., AND
25  SHENZHEN LIEDONG
    TECHNOLOGY CO., LTD.
26
            Defendants.
27
    AMAZWEAR TECHNOLOGY INC.,
28

    Case No. 2−cv−07182−JLS−AGR

    **STIPULATED PROTECTIVE ORDER**

1        Counterclaim-Plaintiff

2              v.

3   ZEPP, INC. AND ANHUI HUAMI
    INFORMATION TECHNOLOGY
4   CO.,LTD.,

5              Counterclaim-Defendants.

6   SHENZHEN KOSPET
    TECHNOLOGY., LTD.,
7
               Counterclaim-Plaintiff
8
               v.
9
10  ZEPP, INC. AND ANHUI HUAMI
    INFORMATION TECHNOLOGY
    CO., LTD.,
11
               Counterclaim-Defendants.
12
13  SHENZHEN LIEDONG
    TECHNOLOGY CO., LTD.,
14
               Counterclaim-Plaintiff
15
               v.
16  ZEPP, INC. AND ANHUI HUAMI
    INFORMATION TECHNOLOGY
17  CO., LTD.,

18             Counterclaim-Defendants.

19

20

21

22

23

24

25

26

27

28

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.1. Good Cause Statement

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of

discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1    <u>Action</u>: this pending federal lawsuit.

2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that constitute or include information that is not publicly known and that cannot be ascertained from an inspection of publicly available documents.

2.4    HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY": extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, which may include but is not limited to: (a) trade secrets as defined under <u>Cal. Civ. Code § 3426.1(d)</u> or <u>18 U.S.C. § 1839(3)</u>; <u>(b)</u> research and development data or information; (c) technical, financial, or marketing data or information; (d) commercially sensitive competitive or strategic information; (e) commercially sensitive information obtained from a nonparty pursuant to a current nondisclosure agreement; and (f) commercial agreements, settlement agreements or settlement communications, the disclosure of

which is likely to cause serious and immediate harm to the competitive position of the producing party.

2.5    <u>"HIGHLY CONFIDENTIAL – SOURCE CODE"</u>: schematics, Hardware Description Language (HDL) or Register Transfer Level (RTL) files or computer code and associated comments and revision histories, the disclosure of which the Parties acknowledge would create a substantial risk of serious harm such that disclosure could not be avoided by less restrictive means ("Source Code"). For avoidance of doubt, Source Code includes, but is not limited to, source files, "include" files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, net lists, circuit schematics, browser info files, debug files, computer code, scripts, assembly, binaries and object code and other human-readable files used in the compilation of Source Code into a software program.

2.6    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.7    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.8    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, disclosed, or generated in disclosures or responses to discovery, or depositions in this matter.

2.9    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

STIPULATED PROTECTIVE ORDER

2.10 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL," "HIGHLY     CONFIDENTIAL     –     OUTSIDE ATTORNEYS     EYES     ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents,     the     Producing     Party     must     affix     the     appropriate     legend

("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") as required by this Order.

(b)    for testimony given in depositions that the Designating Party request that the original and all copies of a deposition transcript be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" before the close of the deposition or within fifteen (15) days of receipt of the final certified transcript.  Deposition transcripts shall be treated by default as HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.    Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation, with specificity, it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if (1) it has engaged in this meet and confer process first, or (2) establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

<u>6.3</u>   If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time after complying with the meet and confer requirements imposed in the preceding paragraph, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding

8

STIPULATED PROTECTIVE ORDER

paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses in the action for the Designating Party, the Producing Party, and any party believed, in good faith, to have knowledge about the document; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose  any information  or  item designated  "HIGHLY  CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom

STIPULATED PROTECTIVE ORDER

disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses in the action for the Designating Party, the Producing Party, and any party believed, in good faith, to have knowledge about the document; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussion.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff;

(e) the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information;

(f) during their depositions, witnesses in the action for the Designating Party, the Producing Party, and any party believed, in good faith, to have knowledge about the document.

8.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting or amending patent claims. To avoid any doubt, "prosecution" does not include representing a party during a postissuance proceeding before a domestic or foreign agency (including, but not limited to, a reissue, ex parte reexamination or inter partes reexamination) so long as the individual does not participate in any way in drafting or amending patent claims. For the sake of clarity, the preceding sentence includes advising, counseling or any other input into drafting and amending claims. "Prosecution" also does not include representing a petitioner in a post-issuance proceeding before a domestic or foreign agency. This Prosecution Bar shall begin when a person has accessed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information and shall end one (1) year after final termination of this action, including final resolution of any appeals or after the time to appeal has expired without an appeal having been filed.

9.    SOURCE CODE

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" information may be disclosed.

(c)     During or after a Source Code inspection, the Receiving Party may request that the Producing Party print specified portions of the Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  Should the Producing Party believe the requested number or content of the printouts is excessive, the parties shall meet and confer regarding the request. If the concerns cannot be resolved, the Producing Party shall file for a protective order within five (5) business days of the Parties' conference. Unless it objects to the request, within three (3) business days of receiving a request for paper copies of Source Code from the Receiving Party, the Producing Party shall provide the requested portions of Source Code in paper form to the Receiving Party, with bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." If the Producing Party objects to the amount of Source Code requested by the Receiving Party in paper form, it shall, within two (2) business days of receiving the Receiving Party's request, initiate the dispute resolution process set forth above.

(d)     The Receiving Party shall maintain a record of the address where each paper copy of the Source Code is kept or moved and maintain a record indicating any individual who has inspected any portion of the Source Code in electronic or

STIPULATED PROTECTIVE ORDER

paper form. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area when not in immediate use. In addition, the Receiving Party may ship paper copies of printed portions of the Source Code via a secure courier delivery service (e.g., Federal Express) to persons authorized to access same under this Protective Order, who shall also maintain all paper copies of any printed portions of the Source Code in a secured, locked area when not in immediate use. The Receiving Party may create excerpts reasonably necessary for court filings, expert reports, discovery responses and other similar documents. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

13.1    Inadvertent or unintentional production of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" documents or information without such designations shall not be deemed a waiver in whole or in part of a claim for treatment as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

If, through inadvertence, a Producing Party provides any information pursuant to this litigation without marking the information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" the Producing Party may subsequently inform the Receiving Party of the specific designation of the disclosed information, and the Receiving Party shall treat the disclosed information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information upon receipt of written notice from the Producing Party. To the extent the Receiving Party has already disclosed such information, the Receiving Party shall use its best efforts to promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and if collected, shall destroy or return them to the Producing Party.

13.2   If a Producing Party inadvertently produces a document, tangible item or electronically stored information that it later discovers or in good faith asserts to be privileged, protected by the work product doctrine, or subject to some other immunity from disclosure ("Privileged Material") the production of that Privileged Material shall not be deemed to constitute a waiver of any applicable privileges, work product protection, or immunity from disclosure. In such circumstances, upon discovery of the inadvertent disclosure, the Producing Party shall immediately notify the Receiving Party of the inadvertent production, provide a privilege log for the inadvertent production, and request either the return or confirmation of destruction of the Privileged Materials. Within five (5) business days of receiving such notification, the Receiving Party shall return or confirm destruction of all such materials. Such return or confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the materials (based on information independent of the content of the returned, allegedly privileged

materials in question) and shall not constitute an admission by the Receiving Party
that the materials were, in fact, privileged or otherwise protected in any way. The
Producing Party shall retain the Privileged Material for submission to the Court in
the event the Receiving Party moves to compel.

14.    MISCELLANEOUS

 14.1    Right to Further Relief. Nothing in this Order abridges the right of any
person to seek its modification by the Court in the future.

 14.2    Right to Assert Other Objections. By stipulating to the entry of this
Protective Order no Party waives any right it otherwise would have to object to
disclosing or producing any information or item on any ground not addressed in this
Stipulated Protective Order. Similarly, no Party waives any right to object on any
ground to use in evidence of any of the material covered by this Protective Order.

 14.3    Filing Protected Material. Without written permission from the
Designating Party or a court order secured after appropriate notice to all interested
persons, a Party may not file in the public record in this action any Protected Material.
A Party that seeks to file under seal any Protected Material must comply with Civil
Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court
order authorizing the sealing of the specific Protected Material at issue. If a Party's
request to file Protected Material under seal is denied by the court, then the
Receiving Party may file the information in the public record pursuant to Civil Local
Rule 79- 5 unless otherwise instructed by the court.

15.    FINAL DISPOSITION

 After the final disposition of this Action, as defined in paragraph 4, within
60 days of a written request by the Designating Party, each Receiving Party must
return all Protected Material to the Producing Party or destroy such material. As
used in this subdivision, "all Protected Material" includes all copies, abstracts,
compilations, summaries, and any other format reproducing or capturing any of the

STIPULATED PROTECTIVE ORDER

Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Outside Counsel of Record need not purge its document management system or backup tapes to eliminate Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

STIPULATED PROTECTIVE ORDER

1

2    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3    DATED: March 24, 2025

4    *Michael F. Heafey*

5    Attorneys for Plaintiffs

6

7    DATED: March 24, 2025

8    *Xionghui Muron*

9    Attorneys for Defendants

10

11

12   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

13

14   DATED __June 3, 2025_____

15

16

17

18   _____

19   Honorable Alicia G. Rosenberg

20   United States Magistrate Judge

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Zepp, Inc. et al v. Amazwear Technology Inc. et al.*, 2:24-CV-07182-JLS-AGR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.   I  hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____